FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 SEP 23 PM 1: 25

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHARLES GLAZE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CV 304-064 ) |
| JOHNNA HALL, Nurse, Milan State Prison, et al., | ) ) ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Dooly State Prison in Unadilla, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis* in this case.[1] On February 11, 2005, the first requests for waiver of formal service sent to Defendants Deen and Onyekaba at Milan State Prison were returned unexecuted. (Doc. nos. 16 & 17). According to the unexecuted Returns of Service filed by the U.S. Marshal for these two Defendants, neither person could be located at this service address that had been provided by Plaintiff. (Id.). On March 23, 2005, the Court warned Plaintiff that even though the waivers had not been executed, he remained responsible for providing a correct address.[2] (Doc. no. 20). On April 25, 2005, the Court granted Plaintiff

---

[1]Because Plaintiff is proceeding *in forma pauperis*, he is entitled to rely on the "officers of the court" to serve all process. See 28 U.S.C. § 1915(d).

[2]Plaintiff had first been informed of his responsibility for providing a service address on January 6, 2005. (Doc. no. 14, pp. 3-4).

an extension of time to provide an accurate service address and informed Plaintiff that service must be accomplished by June 5, 2005. (Doc. no. 30). Plaintiff provided a new service address for these two Defendants in Augusta, Georgia, and the Court directed the U.S. Marshal to effect service at this new address within fifteen (15) days of June 16, 2005. (Doc. nos. 37 & 39).

Plaintiff then submitted a "Request to Court to Amend Order" (doc. no. 45), in which he explained that the Augusta address he provided to the Court was incorrect and that these two Defendants should actually be served at an address in Suwanee, Georgia. Subsequent to the Request, Plaintiff submitted a letter explaining that he had been contacted by the attorneys for Drs. Deen and Onyekaba and that the attorneys would accept service of process for these two Defendants. (Doc. no. 54). Based on Plaintiff's information, the Court directed that service of process be effected on Defendants Deen and Onyekaba, by serving their attorneys (as stated by Plaintiff) at Flint and Adler, LLP, 5505 Interstate North Parkway, Suite 120, Atlanta, Georgia 30328, within fifteen (15) days. (Doc. no. 55). Again, the Returns of Service came back unexecuted.[3] (Doc. nos. 60 & 61).

On August 25, 2005, the Court issued an Order directing Plaintiff to show cause why Defendants Deen and Onyekaba should not be dismissed from this case because they had not been timely served. (Doc. no. 63). In response, Plaintiff recounts his numerous attempts to obtain a service address. He also argues that these two doctors can provide "eye witness"

---

[3]Despite the Court's Order recognizing that Plaintiff had provided another service address, the U.S. Marshal still attempted service on August 16, 2005 at the address in Augusta, Georgia that Plaintiff had provided on May 26, 2005. Not surprisingly, those returns of service also came back unexecuted. (See doc. nos. 62 & 64).

2

testimony about his medical treatment and that he is entitled to find out what these two doctors know about his treatment.[4]

Despite Plaintiff's vigorous arguments that the Court should not dismiss these two Defendants, the fact remains that the extended time period for service has now elapsed, and there is neither a waiver of service nor any other proof of service in the record. As the Court explained in its August 25th Show Cause Order, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 63, p. 3 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)). The Rule now provides that an action shall be dismissed without prejudice as to an unserved defendant if service of the summons and complaint is not made within 120 days after the filing of the complaint or within a time specified by the Court. Fed. R. Civ. P. 4(m). Here, the Court screened Plaintiff's amended complaint and directed that service of process be effected on January 6, 2005. (Doc. no. 1). After the expiration of the 120-day period contemplated for service, the Court granted an extension of time to accomplish service, but Plaintiff has simply been unable to come up with a service address.

Moreover, the Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to

---

[4]Here, the Court notes that Plaintiff does have use of the information in his medical records concerning the treatment he received.

3

Rule 4(m)). Here, Plaintiff's filings to date in this case state that Dr. Deen treated Plaintiff on January 28, 2004 and that Dr. Onyekaba treated Plaintiff in May of 2004. (See, e.g., Amd. Compl., doc. no. 10; doc. no. 65, p. 1). Thus, at this time, it does not appear that dismissal of these two Defendants without prejudice will pose a problem under Georgia's two-year statute of limitations that applies to § 1983 claims. See Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Nor is there any substantiated evidence that the unserved Defendants are evading service; in fact, it is not clear that they are even aware that they are Defendants in this lawsuit. Finally, although the Advisory Committee Note recognizes that courts should take care to protect *pro se* plaintiffs from confusion or delay related to the resolution of an *in forma pauperis* petition, Plaintiff was granted *in forma pauperis* status over a year ago and since that time has received repeated warnings about the need to timely provide a service address.

The Court understands that Plaintiff has made concentrated efforts to come up with service addresses for these two Defendants. However, even though the Court has directed that service be accomplished at multiple addresses provided by Plaintiff during the course of these proceedings, Drs. Deen and Onyekaba simply cannot be found at this point in time. There is no basis for holding up the case against Defendant Hall based solely on the hope that these other two Defendants may eventually be located.

In sum, service has not been timely effected within the 120-day period provided for by Rule 4(m) or within the extended period provided by the Court. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants Deen and Onyekaba be **DISMISSED** without prejudice from the case. See Hunt v. Department of the Air Force, 29 F.3d 583, 589

4

(11th Cir. 1994) (affirming dismissal without prejudice for failure to timely effect service); see also Nelson v. Barden, No. 05-10757, slip op. at 13, 15 (11th Cir. Aug. 10, 2005) (same). Should the Honorable Anthony A. Alaimo, United States District Judge, adopt this recommendation, the Clerk should be directed to issue a Scheduling Notice as of the date of the adoption so that the case can proceed expeditiously against Defendant Hall.

SO REPORTED and RECOMMENDED this 23rd day of September, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE