IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CHARLES GLAZE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 304-064 |
| | ) |
| JOHNNA HALL, Nurse, Milan State Prison, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff, an inmate currently incarcerated at Dooly State Prison in Unadilla, Georgia, filed the above-styled civil action pursuant to 42 U.S.C. § 1983. On September 23, 2005, the Magistrate Judge entered a Report and Recommendation advising that two unserved Defendants, Doctors Deen and Onyekaba, be dismissed from the case without prejudice. (Doc. no. 66). Objections to that recommendation were due by October 10, 2005. (Doc. no. 67). On October 18, 2005, this Court adopted, without objection from Plaintiff, the Report and Recommendation of the Magistrate Judge. On October 24, 2005, objections from Plaintiff, bearing a signature date of October 1, 2005, arrived at the Office of the Clerk of Court. (Doc. no. 70). On November 7, 2005, Plaintiff filed a motion for reconsideration of the Court's October 18, 2005 Order, explaining that confusion in the mail room at Dooly State Prison resulted in Plaintiff's timely-submitted objections arriving to the Clerk after the deadline for objecting. (Doc. no. 71).

Upon consideration, the motion for reconsideration is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court grants the request that Plaintiff's objections be reviewed, but it denies the implicit request to change the ruling on the dismissal of Defendants Deen and Onyekaba. To the extent that Plaintiff complains the Court has not "empowered" him by subpoena to demand the full names and addresses of these two defendants (doc. no. 70), the Court notes that Plaintiff has been instructed on available methods of discovery and on the proper procedure for filing a motion to compel. (See doc. no. 14, pp. 5-6; doc. no. 55, pp. 3-4 & n.3). Moreover, pursuant to a standing Order in the Southern District of Georgia, "Subpoenas will not be issued to any party litigant who is incarcerated in a jail or prison. In such cases, arrangements will be made for the attendance of necessary witnesses and the production of necessary documents through other means." In re Subpoenas, MC 496-006 (S.D. Ga. Jan. 16, 1996). There is nothing to prohibit Plaintiff from seeking information through normal discovery channels.

In sum, the Court recognizes that Plaintiff objects to the dismissal of Defendants Deen and Onyekaba, but the objections provide no information to convince the Court that the dismissal of these two Defendants was improper.

SO ORDERED this 1st day of December, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA